| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | EASTERN DISTRICT OF TEXAS |

JEFFERY NORSWORTHY, §
　　　　　　　　　　　　　　　§
　　　　Movant, §
　　　　　　　　　　　　　　　§
*versus* §　　CIVIL ACTION NO. 1:24-CV-320
　　　　　　　　　　　　　　　§
UNITED STATES OF AMERICA, §
　　　　　　　　　　　　　　　§
　　　　Respondent. §

### ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Jeffery Norsworthy, a federal prisoner, filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the Motion to Vacate Sentence as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). In this instance, the statute of limitations began to run when Movant could have discovered the factual basis of his claims by exercising due diligence. Movant received the discovery documents, including the laboratory reports that showed the methamphetamine was never tested for purity, from his defense attorney in 2019. Because the

discovery documents contained the factual basis of Movant's claims, the statute of limitations began to run when he received the documents. This Motion, filed in 2024, is untimely. Therefore, the objections lack merit.

In addition, Movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the motion was denied on procedural grounds, the movant must show that jurists of reason would find it debatable: (1) whether the motion raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, Movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling is incorrect. In addition, the questions

presented are not worthy of encouragement to proceed further. Therefore, Movant has failed to make a sufficient showing to merit the issuance of a certification of appealability.

### ORDER

Accordingly, Movant's objections (#25) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (#24) is **ADOPTED**. A certificate of appealability will not be issued. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 17th day of December, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE